UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

Case No.: 17-cv-21603

**ADRIA MM PRODUCTIONS, LTD**,
a Croatian Company,

       Plaintiff,
v.

**WORLDWIDE ENTERTAINMENT GROUP,
INC.**, a Florida Corporation,

       Defendant.
_____/

**WORLDWIDE ENTERTAINMENT GROUP,
INC.**, a Florida corporation,

       Counterclaim-Plaintiff,

v.

**ADRIA MM PRODUCTIONS, LTD.**, a
Croatian entity,

       Counterclaim-Defendant.
_____/

**WORLDWIDE ENTERTAINMENT GROUP, INC. AND SANDRA YORK'S MOTION
TO QUASH OR MODIFY SUBPOENA**

Defendant/Counterclaim-Plaintiff, Worldwide Entertainment Group, Inc. ("WEG") and Sandra York, WEG's General Counsel and Litigation Supervisory Counsel for the above matter, pursuant to Federal Rule of Civil Procedure 45, move the Court to quash or modify the subpoena issued by Plaintiff for the proposed deposition of Ms. York, and in support state:

    **I.**    **AMM has not and Cannot Satisfy the *Shelton* Standard for Deposing an
Opposing Party's Counsel**

Adria MM Productions, Ltd. ("AMM") seeks to take the deposition of Ms. York, WEG's

1

General Counsel and Litigation Supervisory Counsel for the above-captioned matter. *See* Subpoena attached hereto as **Exhibit A**.

A party's attempt to depose an opposing party's counsel "inherently constitute[s] an invitation to harass the attorney and parties, and to disrupt and delay the case." *West Peninsular Title Co. v. Palm Beach County*, 132 F.R.D. 301, 302 (S.D. Fla. 1990).[1] As a result, requests to depose an opposing party's counsel are highly disfavored. *Lerer v. Ferno-Washington, Inc.*, No. 06-81031, 2008 WL 11333138 *4 (SD. Fla. 2008) ("[w]hile not precluded under the Federal Rules of Civil Procedure, a deposition of the opposing party's attorney, however, is disfavored and calls for special scrutiny.").

A party seeking to depose an opposing party's counsel must demonstrate: that "(1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and nonprivileged; and (3) the information is crucial to the preparation of the case." *Shelton v. American Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir.1986) (internal citations omitted); s*ee also Am. Fed'n of State, Cnty. & Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 476-77 (S.D. Fla. 2011). The party seeking to depose an opposing party's counsel bears the burden to demonstrate these factors. *Sun Capital Partners v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 528 (S.D. Fla. 2015).

When AMM first requested the deposition of Ms. York, undersigned counsel asked counsel for AMM to state why Ms. York's deposition testimony would be relevant to the instant litigation. AMM did not respond. Undersigned counsel then again asked AMM's counsel to state why Ms. York's deposition testimony was needed and inquired as to the *Shelton* factors (undersigned

---

[1] Federal Rule of Civil Procedure 26(c) allows a Court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" F. R. Civ. P. 26(c).

2

counsel specifically asked AMM's counsel in writing whether the information sought is relevant and non-privileged, whether there were no other means by which to obtain the information sought by deposing Ms. York, and whether the information is crucial to the preparation of AMM's case). AMM's counsel stated initially only that Ms. York was a "fact witness" and later, in the pre-motion conference, stated that *Shelton* is not applicable.

AMM bears the burden to demonstrate that deposing WEG's counsel is the only way to obtain the information sought, that the information sought is relevant and non-privileged, and that the information sought is crucial to preparation of AMM's case.  Here, AMM has not met its burden and cannot satisfy the standard articulated in *Shelton*.[2]  As such, the Court should quash the subpoena issued to Ms. York.

## II.     Ms. York is Unavailable on the Date AMM Scheduled her Deposition

Even if AMM were to satisfy the *Shelton* factors, Ms. York's deposition should not be permitted to be taken on September 20, 2017 because Ms. York will be on a prepaid, international business trip and will therefore be unavailable.[3]  Federal Rule of Civil Procedure 26(c) authorizes the Court to make any order which justice requires to protect a party from annoyance, embarrassment, oppression or undue burden or expense. Additionally, Federal Rule of Civil Procedure 45(d)(3)(iv) allows a court to quash or modify a subpoena that subjects a person to an undue burden. Because Ms. York will be unavailable on the date AMM scheduled her deposition, the subpoena should quashed or modified accordingly.

WHEREFORE, WEG respectfully requests that this Court quash the subpoena issued to

---

[2]Although Ms. York participated in certain written exchanges (by email) with AMM during contract negotiations between WEG and AMM and regarding certain defaults, the content of such email correspondence is not in dispute.

[3] Ms. York will be traveling from September 5, 2017 through September 21, 2017.  A detailed flight itinerary will be provided if necessary *in camera* (with copy to AMM's counsel).

WEG's counsel, Ms. York, and otherwise modify the subpoena compelling the deposition as to the proposed date of the deposition.[4]

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A) and F. R. Civ. P. 26(c), I hereby certify that undersigned counsel has contacted and consulted with counsel for AMM regarding the relief requested herein, and counsel for AMM does not agree to the requested relief.

Respectfully submitted,

*s/Peter F. Valori*
Peter F. Valori, Esq.
pvalori@dvllp.com
Florida Bar No. 0043516
Russell Landy
rlandy@dvllp.com
Florida Bar No. 0044417
DAMIAN & VALORI LLP
1000 Brickell Avenue, Suite 1020
Miami, Florida 33131
Telephone: (305) 371-3960
Facsimile: (305) 371-3965

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served via CM/ECF upon all counsel of record on this 31 day of August, 2017.

/s/ *Peter F. Valori*
Peter F. Valori

---

[4] Ms. York will separately object to the *duces tecum* portion of the subpoena and WEG joins in such objections.

# SERVICE LIST

Peter F. Valori
pvalori@dvllp.com
Russell Landy
rlandy@dvllp.com
Amanda L. Fernandez
afernandez@dvllp.com
Damian & Valori LLP
1000 Brickell Avenue, Suite 1020
Miami, FL 33131
Tel. (305) 371-3960
Fax (305) 371-3965

Vincent F. Alexander
vfa@kttlaw.com
Gail A. McQuilkin
gam@kttlaw.com
Kozyak Tropin & Throckmorton, LLP
2525 Ponce de Leon Blvd., 9th Floor
Miami, Florida 33134
Tel. (305) 372-1800
Fax (305) 372-3508

#

Yano Rubinstein
yano@rublaw.com
Phillip Seltzer
*phil@rublaw.com*
Rubenstein Law
660 4th Street, #302
San Francisco, CA 94107
Tel. (415) 967-1969
Fax (415) 236-6409

#