UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-21603-CIV-MORENO

ADRIA MM PRODUCTIONS, LTD.,

    Plaintiff,

vs.

WORLDWIDE ENTERTAINMENT GROUP, INC.,

    Defendant.
_____/

## ORDER REAFFIRMING PROHIBITION ON DEPOSING SANDRA YORK

Worldwide Entertainment Group, Inc. is a promoter and organizer of musical events, including the Ultra Music Festival. It entered into a licensing agreement regarding "Ultra" proprietary marks with Adria MM Productions, Ltd., a promotional company in Croatia with exclusive licenses and rights to Croatian venues. This case arises from that licensing agreement. Adria filed a 10-count complaint against Worldwide sounding in breach of contract, fraud, and equitable relief. Worldwide answered with a 9-count counterclaim sounding in breach of contract, trade secret and trademark violations, and certain statutory violations.

In August 2017, Adria issued a subpoena *duces tecum* to Sandra York, Worldwide's general counsel and litigation supervisory counsel in this case. Worldwide moved to quash the subpoena. The Court granted the motion to quash "with leave for [Adria] to respond later as to why it should be permitted to depose opponent's general counsel." Adria filed a response to the order and Worldwide filed a reply. The issue is now ripe for review.

Adria argues that York has personal, first-hand, exclusive knowledge of at least seven non-privileged, pre-litigation factual matters, and that questioning on those matters would not

expose litigation strategy. However, Adria fails to meet the stringent standard required to depose an opposing party's attorney.

While nothing in the Federal Rules of Civil Procedure prohibits the deposition of a party's attorney, federal courts generally disfavor such depositions and permit them in only limited circumstances. *See W. Peninsular Title Co. v. Palm Beach County*, 132 F.R.D. 301, 302 (S.D. Fla. 1990) (Gonzalez, J.) ("Federal courts…have held that depositions of attorneys inherently constitute an invitation to harass the attorney and parties, and to disrupt and delay the case."). The circuit courts are split on whether to apply the *Shelton* test[1] or the "flexible approach" test[2] in determining whether to allow the deposition of a party's attorney. The Eleventh Circuit has not expressly ruled on the issue. But, courts in the Southern District of Florida have generally held that to allow the deposition of a party's attorney, the movant must show that: (1) the deposition is the only practical means of obtaining the information; (2) the information sought will not invade the realm of the attorney's work product or interfere with the attorney-client privilege; (3) the information sought is relevant and crucial to the preparation of the case; and (4) the movant's needs outweigh the dangers of deposing a party's attorney. *See Covington v. Walgreen Co.*, No. 11-22900, 2012 WL 2120776, at *3 (S.D. Fla. June 11, 2012) (Goodman, M.J.) (citing *Klayrnan v. Freedom's Watch, Inc.*, No. 07-22433, 2007 WL 4414803, at *3-4 (S.D. Fla. Dec. 14, 2007) (Simonton, M.J.); *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, No. 04-80090, 2007 WL 433084, at *3-4 (S.D. Fla. Feb. 2, 2007) (Cohn, J.); *W.*

---

[1] In *Shelton v. American Motors Corp.*, the Eighth Circuit stated that the moving party must show "that (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case." 805 F.3d 1323, 1327 (8th Cir. 1986).

[2] Under the "flexible test," the operative inquiry is whether the "proposed deposition would entail an inappropriate burden or hardship" on the responding party. *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71-72 (2d Cir. 2003) (Sotomayor, J.).

*Peninsular Title Co*, 132 F.R.D. at 302). The party seeking to depose the opposing party's counsel bears the burden to demonstrate these factors. *Sun Capital Partners, Inc. v. Twin City Fire Ins. Co.*, 310 F.R.D. 523, 528 (S.D. Fla. 2015) (Matthewman, M.J.).

Here, Adria has failed to demonstrate that York's deposition is the only practical means of obtaining the information sought, or that the information sought is relevant and crucial to the preparation of the case. Further, although Adria agrees to limit questioning to non-privileged matters, there is no other indication that Adria's needs outweigh the dangers of deposing York. Because Adria fails to meet multiple requirements to depose an opposing party's attorney, Adria is prohibited from deposing York.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 30th of November 2017.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record