UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Case Number: 17-21603-CIV-MORENO

ADRIA MM PRODUCTIONS, LTD.,

    Plaintiff,

vs.

WORLDWIDE ENTERTAINMENT GROUP,
INC.,

    Defendant.
_____/

## ORDER GRANTING IN PART, DENYING IN PART WORLDWIDE ENTERTAINMENT GROUP, INC.'S SECOND MOTION TO COMPEL

THIS CAUSE came before the Court upon Worldwide Entertainment Group, Inc.'s Second Motion to Compel and for Additional Relief **(D.E. 105)**, filed on **January 17, 2018**.

THE COURT has considered the motion, the response, the reply, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED in part, DENIED in part. The Court will address each request in turn.

1. **Interrogatory No. 4**

Defendant's motion to compel Plaintiff to amend its response to Defendant's First **Interrogatory No. 4** is **GRANTED** because, irrespective of Judge Turnoff's decision at the hearing in October 2017[1], the request for the name and contact information for each person and/or entity that Plaintiff contacted regarding putting on an event after March 8, 2017 is relevant to Defendant's misappropriation claim. As such, Plaintiff is directed to respond and provide Defendant with the requested information.

---

[1] The Court has listened to the audio recording of the hearing and determined that Judge Turnoff did in fact grant the request.

### 2. Interrogatory No. 10

Defendant's motion to compel Plaintiff to amend its response to Defendant's First **Interrogatory No. 10 is GRANTED** because the date and purpose of each expenditure of ticket funds received from the 2017 Ultra Europe event(s) are relevant to Defendant's claim for breach of contract and unjust enrichment. As such, Plaintiff is directed to supplement its response and provide Defendant with the requested information.

### 3. Interrogatory No. 19

Defendant's motion to compel Plaintiff to amend its response to Defendant's First **Interrogatory No. 19 is DENIED** because Plaintiff already responded to the interrogatory, and Plaintiff is not required to specifically explain in its response what damages relate to each count as this juncture.

### 4. Interrogatory No. 23

Defendant's motion to compel Plaintiff to amend its response to **Interrogatory No. 23 is DENIED**. However, Defendant's alternative request asking this Court to compel Plaintiff to **produce its foreign law expert**, Mr. Hadzija, for deposition is **GRANTED** so as to resolve all issues surrounding the application of foreign law.

### 5. Request to Require Plaintiff to Designate the Request for Production to which Each Document Produced is Responsive

Defendant's motion to compel Plaintiff to designate the Request to which each document produced is responsive is **GRANTED in part, DENIED in part**. Federal Rule of Civil Procedure 34(b)(2)(E) requires that electronically stored information be produced as it is kept in the usual course of business or the responding party must organize and label the documents to correspond to the categories in the request, and if a form for producing electronically stored

information is not specified, a party must produce it in the form in which it is originally maintained or in a reasonably usable form.

Defendant argues that Plaintiff failed to satisfy its Rule 34 obligations because it produced 17, 805 pages of documents without designating to which request any document is responsive, and instead, producing them in files labeled AMM000285 through AMM017785 in seven unlabeled folders. Plaintiff argues that the production satisfies Rule 34 because that is how (a) the documents were kept in the regular course of business and (b) the documents were produced in a "reasonably usable form."

Plaintiff claims that all of the documents produced were emails from two individuals—Nikola Busljeta, AMM's principal, and Clare O'Connell, AMM's most recent general manager. (D.E. 117, at 4). "[T]o be produced as kept in the usual course of business, emails must be arranged 'by custodian, in chronological order and with attachments, if any.'" *Teledyne Instruments, Inc. v. Cairns*, 2013 WL 5781274, *9 (M.D. Fla. October 25, 2013) (quoting *MGP Ingredients, Inc. v. Mars, Inc.*, No. 06–2318–JWL–DJW, 2007 WL 3010343, at *2 (D.Kan.2007)). Based on the pleadings, it does not appear that the emails were produced according to those guidelines. That being said, it does appear that the form in which the emails were produced—searchable .pdf format—is "reasonably usable." *See Davenport v. Charter Communications, LLC*, 2015 WL 1286372, *3 (E.D. Mo. March 20, 2015)("courts regularly find searchable PDF documents to constitute a reasonably usable form"); *see also F.D.I.C. v. Bowden*, 2014 WL 2548137, *5 (S.D. Ga. June 6, 2014) ("Rule 34(b)(2)(E)(ii) trumps specific instructions in discovery requests such that even if native files are requested, it is *sufficient* to produce memoranda, emails, and electronic records in PDF...")(citation omitted).

This request is therefore GRANTED in part, DENIED in part. Plaintiff shall be allowed to maintain the emails in .pdf form, but is required to arrange the emails according to custodian, in chronological order and with attachments. Failure to comply with this request will result in Plaintiff having to organize and label the emails to correspond to the specific categories in the requests.

DONE AND ORDERED in Chambers at Miami, Florida, this 2nd of April 2018.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record