UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

## Case Number: 17-21603-CIV-MORENO

ADRIA MM PRODUCTIONS, LTD.,

      Plaintiff,

vs.

WORLDWIDE ENTERTAINMENT GROUP,
INC.,

      Defendant.

_____/

## ORDER GRANTING WORLDWIDE ENTERTAINMENT GROUP, INC.'S MOTION TO ALTER OR AMEND THE JUDGMENT ENTERED ON SEPTEMBER 24, 2018

THIS CAUSE came before the Court upon Worldwide Entertainment Group, Inc.'s Motion to Alter or Amend the Judgment Entered on September 24, 2018 **(D.E. 202)**, filed on **October 19, 2018**.

THE COURT has considered the motion, the response, the reply, pertinent portions of the record, and is otherwise fully advised in the premises.

### I.    Background

At trial, the jury found in favor of Worldwide Entertainment Group, Inc. on its breach of contract claim and awarded $366,211 in damages. The Court entered Final Judgment (D.E. 191) on that claim and for that amount on September 24, 2018. Worldwide now requests that the Court alter its Final Judgment pursuant to Federal Rule of Civil Procedure 59(e) to reflect an award of $28,422.99[1] in prejudgment interest for a total of $394,633.99. For the reasons set forth below, Worldwide Entertainment's motion is GRANTED.

---

[1] Worldwide Entertainment calculated prejudgment interest as follows: the judgment amount ($366,211) multiplied by the applicable interest rate for the period of 4.97% (0.000136164 as a decimal) multiplied by the time elapsed from the alleged date of breach to the date of judgment (570 days).

## II.    Prejudgment Interest

In Florida, the law requires that prejudgment interest be applied to a liquidated damage amount, starting from the date of breach. *See Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 214-15 (Fla. 1985) (holding that prejudgment interest is compensation to make the party whole and should be calculated at the statutory rate from the date of the loss). "A verdict is said to have the effect of liquidating damages as long as the verdict establishes the loss and the pertinent date can be ascertained from the evidence." *Arizona Chemical Co., LLC v. Mohawk Industries, Inc.*, 197 So. 3d 99, 102-03 (quoting *Pace Property Fin. Auth., Inc. v. Jones*, 24 So. 3d 1271, 1272 (Fla. 1st DCA 2009)) (internal citations omitted). Here, Adria MM Productions, Ltd. was notified of its breach of the Promotional Agreement through the Notice of Continuing Default on March 3, 2017, and therefore Worldwide argues that prejudgment interest should be calculated from that date. *See Cuillo v. McCoy*, 810 So.2d 1061 (Fla. 4th DCA 2002) (fixing prejudgment interest from the date of notice of default).

Adria Productions argues that (1) Worldwide's damages award of $366,211 is merely a setoff of Adria's $866,000 award for its tortious interference with business relationships claim and (2) the date of loss was not fixed on March 3, 2017. As to Adria's first point, Worldwide argues that Adria Productions's judgment against Worldwide has no bearing on Worldwide's entitlement to prejudgment interest and there is no formal setoff of the two judgments. The Court agrees with Worldwide.

As to Adria's second point, Worldwide argues that, consistent with Florida law, prejudgment interest should be awarded from the date payment was due—in this case, March 3, 2017. *See Nat'l Fire Ins. Co. of Hartford v. Fortune Constr. Co.*, 320 F.3d 1260, 1279 (11th Cir. 2003) (citing *Paoli v. Natherson*, 732 So.2d 486, 488 (Fla. 2d DCA 1999)). Adria, however, contends that throughout the course of the parties' relationship, the annual license fee was

regularly paid late without penalty and therefore March 3, 2017 cannot be considered—and has not been established—as the date of actual loss by which a calculation of prejudgment interest could be made. *See* Exhibit 90, D.E. 188-1. While Adria's history of payments is erratic, it does not mean that the 2017 license fee did not become due and owing on March 3, 2017 upon Worldwide's notice of default.

## III.    Conclusion

Because the jury awarded Worldwide Entertainment $366,211 for Adria's outstanding license fee and because that amount became due on March 3, 2017, the Court awards Worldwide Entertainment prejudgment interest calculated from that date in the amount of $28,422.99 and will alter the Final Judgment to reflect same.

DONE AND ORDERED in Chambers at Miami, Florida, this _____ of _____, 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

3