UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 17-21603-CIV-MORENO

ADRIA MM PRODUCTIONS, LTD.,

    Plaintiff,

vs.

WORLDWIDE ENTERTAINMENT GROUP, INC.,

    Defendant.
_____/

## OMNIBUS ORDER ON THE PARTIES' MOTIONS FOR ATTORNEYS' FEES AND TAXABLE AND NON-TAXABLE COSTS

THIS CAUSE came before the Court upon Plaintiff and Counter-Defendant's Motion for Determination that it is Entitled to Seek an Award of Attorney's Fees and Costs Under Local Rule 7.3 **(D.E. 199)**, Plaintiff and Counter-Defendant's Motion for Bill of Costs **(D.E. 205)**, Defendant and Counter-Plaintiff's Motion for Bill of Costs **(D.E. 207)**, Defendant/Counter-Plaintiff's Motion for Attorneys' Fees and Costs **(D.E. 221)**, and Plaintiff/Counter-Defendant's Verified Motion for Fees and Costs **(D.E. 222)**.

THE COURT has considered the motions, the responses in opposition, the replies, pertinent portions of the record, and is otherwise fully advised in the premises. After a vigorously contested jury trial with verdicts in favor of both sides, the parties each request attorneys' fees and costs. For the reasons explained below, the motions are DENIED and each party shall be responsible for its own attorneys' fees and costs, with the exception of a non-discretionary award of fees to Adria Productions under Florida's Computer Abuse and Data Recovery Act.

I. **BACKGROUND**

Plaintiff/Counter-Defendant Adria MM Productions, Ltd., a Croatian company, and Defendant/Counter-Plaintiff Worldwide Entertainment Group, Inc., a Miami-based company, entered into a five-year Promotional Agreement for the production of "Ultra Europe" musical festivals in Croatia. Pursuant to the Agreement, Worldwide Entertainment granted Adria Productions the right to use certain "Ultra" trademarks in Croatia and Europe to promote the events, in exchange for licensing and promotional fees. After Worldwide Entertainment revoked the Agreement for alleged material breaches, Adria Productions filed suit, claiming that the Agreement was void for fraud or, in the alternative, had been breached. Specifically, Adria Productions alleged ten counts: I-Fraud in the inducement; II-Fraudulent misrepresentation; III-Breach of contract; IV-Breach of the implied covenant of good faith and fair dealing; V-Equitable (promissory) estoppel; VI-Rescission (fraud); VII-Unjust enrichment; VIII-Declaratory relief; IX-Injunctive relief; and X-Tortious interference with business relationships.

In response, Worldwide Entertainment countersued claiming that, among other things, Adria Productions breached the contract entitling Worldwide Entertainment to damages. More specifically, Worldwide Entertainment alleged nine counts in its Counterclaim: I-Breach of contract (damages); II-Breach of contract (injunction); III-Misappropriate of trade secrets; IV-Unjust enrichment; V-Violation of Florida's Computer Abuse and Data Recovery Act; VI-Violation of the Stored Wire and Electronic Communication and Transactional Records Access; VII-Common law trademark infringement; VIII-Unfair competition; and IX-Federal trademark infringement.

The Court first held a jury trial on the parties' legal claims. After the close of evidence,

the parties argued motions for judgment as a matter of law. After granting Worldwide Entertainment's motion as to Adria Productions's Count IV, the Court allowed Adria Productions's breach of contract, fraudulent inducement, fraudulent misrepresentation, and tortious interference with business relationships claims to be submitted to the jury. Likewise, after granting Adria Productions's motion as to Worldwide Entertainment's Counts III, V, VI, VII, VIII, and IX, Worldwide Entertainment submitted only its breach of contract claim to the jury.

The jury rendered its verdict, finding that both parties had breached the contract and that Worldwide Entertainment had tortiously interfered with Adria Productions's business relationships. The jury awarded Adria Productions $0 for its breach of contract claim and $866,000 for its tortious interference with business relationships claim. Worldwide Entertainment was awarded $366,211 for its breach of contract claim. The Court then heard argument on the parties' remaining equitable claims, all of which were denied.[1]

The parties now request that the Court declare whether Adria Productions or Worldwide Entertainment is the prevailing party such that said party would be entitled to an award of attorneys' fees and costs. Having presided over a four-day trial and being familiar with the parties and facts in this case, the Court, in its discretion, finds that neither party is the "prevailing party" and that each shall be responsible for its own fees and costs (both taxable and non-taxable) with the exception of an award to Adria Productions pursuant to Florida's Computer Abuse and Data Recovery Act.

## II. ENTITLEMENT TO ATTORNEYS' FEES AND COSTS

Adria Productions is asking for an award of $636,934.00 in attorneys' fees for the work

---

[1] After trial, Worldwide Entertainment moved for renewed judgment as a matter of law on Adria's claim for tortious interference and breach of contract and for new trial as to all claims granted in favor of Adria on Adria's original motion for judgment as a matter of law. This motion was denied in a separate Order.

billed by Rubenstein Law Ltd. and local counsel, Kozyak Tropin & Throckmorton, LLP, and $66,198.35 in non-taxable costs, for a total of $703,132.35. Adria Productions is separately seeking reimbursement in the amount of $36,274.19 for taxable costs.

Worldwide Entertainment is asking for an award of $635,750.57[2] in attorneys' fees for the work billed by the law firms Damien & Valori LLP, Divajak, Topic & Bahtijarvic, and Akerman LLP, and $12,816.67 in non-taxable costs, for a total of $648,567.24. Worldwide Entertainment is separately seeking reimbursement in the amount of $16,377.12.

### a. Attorneys' Fees

### (1) Under the Promotional Agreement

Both parties are seeking an award of attorneys' fees under a clause in the Promotional Agreement, which states: "The prevailing party in any action for either damages or injunctive relief shall be entitled to an award of attorneys' fees and costs incurred at all pre-litigation, post-litigation, trial and appellate phases." The language of the Promotional Agreement indisputably states it is subject to and shall be construed under Florida Law. *See* Promotional Agreement, D.E. 8-1 at 21-22 ("This Agreement shall be construed and governed under the laws of the United States, specifically, the State of Florida, notwithstanding conflicts of law principles or the doctrine of forum non-conveniens."). Under Florida law, "[p]rovisions in ordinary contracts awarding attorney's fees and costs to the prevailing party are generally enforced." *Yellow Pages Photos, Inc. v. Ziplocal, LP*, 846 F.3d 1159, 1166 (11th Cir. 2017). This particular type of provision "creates the prevailing party's entitlement to reasonable attorneys' fees." *Darretta v. Windsow Properties*, Case No. 04-14244-CIV-MIDDLEBROOKS, 2008 WL 11408767, *2 (S.D. Fla. May 1, 2008) (internal citations omitted). Thus, the threshold question the Court must

---

[2] The Court notes that although Worldwide Entertainment requests $635,750.57 in attorneys' fees, a calculation of the fees individually incurred by Damian & Valori LLP ($596,225.00), Divajak, Topic & Bahtijarvic ($10,917.92), and Akerman LLP ($55,607.65), yields a total of $662,750.57.

4

answer is whether Adria Productions or Worldwide Entertainment is the "prevailing party."

The Eleventh Circuit Court of Appeals, applying Florida law, "has construed the term 'prevailing party' to be the party that has prevailed on the significant issues in the litigation." *Dear v. Q Club Hotel, LLC*, Case No. 15-CV-60474-COHN, 2017 WL 5665359, *5 (S.D. Fla. Nov. 1, 2017) (report and recommendation adopted in its entirety by the district court). "Where there is an attorneys' fees provision for the prevailing party in the contract, the general rule is that the court must find that one of the parties to the contract prevailed." *Darretta*, 2008 WL 11408767, at *2 (citing *Hutchinson v. Hutchinson*, 687 So.2d 912, 912 (Fla. 4th DCA 1997)). However, there is an exception to the general rule, where "compelling circumstances" will give the trial court "discretion to determine that no party prevailed in the litigation and . . . [properly] deny an award of attorney's fees under a prevailing party contract." *Winn-Dixie Stores, Inc. v. Big Lots Stores, Inc.*, Case No. 9:11-cv-80601-MIDDLEBROOKS, 2016 WL 2918152, at *12 (S.D. Fla. May 18, 2016). In those cases, "deference is owed to a trial court's discretion." *Id.*, at *3 (citation omitted). Florida courts have found that the exception exists "where both [p]arties win and lose on significant issues." *Winn-Dixie Stores, Inc.*, 2016 WL 2918152, at *12 (citing *Brevard County Fair Assoc., Inc. v. Cocoa Expo., Inc.*, 832 So. 2d 147, 151 (Fla. 5th DCA 2002)). For example, "where both parties to [a] contract won on their breach of contract claims, where both parties lost on their breach of contract claims, or where both parties won and lost." *Darretta*, 2008 WL 11408767, at *3.

Adria Productions submits that it is the prevailing party because it was successful on the eight issues that it identified as significant, including its breach of contract claim and tortious interference with business relationships claim, resulting in a net judgment of over $500,000, as well as having final judgment entered in its favor against Worldwide Entertainment on

Worldwide Entertainment's claims for injunctive relief, advance ticket fees, federal and common law trademark infringement, violations of the Florida Abuse and Data Recovery Act, violations of the Florida Uniform Trade Secrets Act, and violations of the Stored Communications Act. In addition, despite a jury verdict to the contrary, Adria also claims that it won on Worldwide Entertainment's breach of contract claim because Adria conceded it owed the amount the jury awarded to Worldwide Entertainment—$366,211.00—for the license fee. Moreover, with respect to Adria Productions's fraud claims (fraudulent inducement, fraudulent misrepresentation, rescission), Adria argues that the jury never reached these issues because they were instructed not to do so if they found that Worldwide Entertainment breached the contract and, because the jury did so, there is no prevailing party on these claims. Viewing the outcome of the litigation through this lens suggests that Worldwide Entertainment was only successful on its claim for breach of contract and on Adria Productions's claim for breach of the covenant of good faith and fair dealing. As such, Adria Productions contends that given its success on the majority of the parties' claims, it is the prevailing party.

Worldwide Entertainment argues that Adria Productions incorrectly focuses its analysis on a balancing of all the claims. Instead, Worldwide Entertainment narrows its focus and contends that the significant issues in this litigation include only Worldwide Entertainment's claim for breach of contract, Adria Productions's claim for breach of contract, and Adria Productions's three claims for fraud arising from the promotional agreement. Accordingly, Worldwide Entertainment argues that because it prevailed on the issues of breach of the promotional agreement, fraud in the inducement, and fraudulent misrepresentation—as final judgment was entered in its favor on those claims—that it is entitled to prevailing party status. More specifically, Worldwide Entertainment argues that Adria Productions's contention that

there was no prevailing party on its fraud claims is erroneous given that the Court instructed the jury that if it found in favor of Adria on its alternative claim for breach of contract, it was not to address the fraud claims and that is precisely what the jury did.[3] Moreover, Worldwide Entertainment argues that despite Adria Productions's $866,000 judgment on its tortious interference claim[4], a large monetary award does not a "significant issue" make and to conflate the two would be improper. Thus, Worldwide Entertainment submits that it is the prevailing party.

While the Court agrees with Worldwide Entertainment on the issue of Adria Productions's fraud claims (in that the jury absolutely considered the claims and reached a decision in favor of Worldwide Entertainment by finding breach of contract), it disagrees that Adria Productions's claim for tortious interference is not a "significant issue." Here, the significant issues were those claims submitted to the jury. On those issues, the jury found in favor of Adria Productions's on its breach of contract and tortious interference with business relationships[5] claims, and in favor of Worldwide Entertainment on its breach of contract claim and on Adria Productions's fraud claims. Both parties won and both parties lost. For this reason, the Court, in its discretion, has determined that no party is the prevailing party and declines to award attorneys' fees under the contract provision. *Winn-Dixie Stores, Inc.*, 2016 WL 2918152,

---

[3] Worldwide Entertainment also notes that at trial Adria Productions never objected to the verdict forms or the Court's decision to instruct the jury fill out *either* the verdict forms on the fraud claims *or* the breach of contract claim, but not both.

[4] The jury's verdict is intact as the Court has denied Worldwide Entertainment's renewed motion for judgment as a matter of law and, in the alternative, motion for new trial as to Adria's claim for tortious interference in a separate Order.

[5] Worldwide Entertainment argues that Adria Productions is not entitled to recover its attorneys' fees or costs for its tortious interference with business relationships claim under statute, contract, or common law. Specifically, Worldwide Entertainment contends that Adria Productions cannot recover fees and costs for this claim pursuant to the language in the Promotional Agreement, which limits recovery to those claims arising from the Promotional Agreement. Because the Court has determined that each party shall be responsible for its own attorneys' fees and costs, it will not address this argument.

at *12.[6]

### (2) Attorneys' Fees Under Florida Statutes

Adria Productions also argues that it is statutorily entitled to attorneys' fees for certain claims, specifically claims arising under the Florida Uniform Trade Secrets Act (Fla. Stat. § 668.005), the Florida Computer Abuse and Data Recovery Act (Fla. Stat. § 668.804), and 15 U.S.C. § 1117(a)[7] for prevailing on Worldwide Entertainment's Count 3 (misappropriation of trade secrets), Count 5 (violation of the Florida's Computer Abuse and Data Recovery Act), and Count 9 (Federal Trademark Infringement). The Florida Uniform Trade Secrets Act provides: "If a claim of misappropriation is made in bad faith, a motion to terminate an injunction is made or resisted in bad faith, or willful and malicious misappropriation exists, the court may award reasonable attorney's fees to the prevailing party." Fla. Stat. § 668.005. Similarly, the prevailing party in an action for Federal Trademark Infringement may be awarded reasonable attorneys' fees in "exceptional cases"—defined as cases that can be characterized as malicious, fraudulent, deliberate and willful, or one in which evidence of fraud or bad faith exists. 15 U.S.C. § 1117(a). Here, Adria Productions argues that Worldwide Entertainment's claims of misappropriation and trademark infringement were "clearly made in bad faith" because Worldwide Entertainment failed to present evidence that supported the factors required to prove a claim under the respective statutes. The Court disagrees. The Court finds that there is no evidence of bad faith or exceptional circumstances to justify an award of attorneys' fees to Adria Productions and therefore it declines to do so.

---

[6] Adria Productions objects to Worldwide Entertainment's request for attorneys' fees on behalf of Akerman LLP, arguing that the time entries submitted by Akerman are "unnecessarily duplicative" of those submitted by Damian & Valori LLP. Because the Court has determined that each party shall be responsible for its own attorneys' fees and costs, it will not address this argument.

[7] Although Adria Productions cited 15 U.S.C. § 117(a) throughout its motions, the Court notes that the relevant statute governing attorneys' fees is in fact 15 U.S.C. § 1117(a).

Lastly, the Computer Abuse and Data Recovery Act states: "[A] court *shall* award reasonable attorney fees to the prevailing party in any action arising under this part." Fla. Stat. § 668.004(2) (emphasis added). Adria Productions argues that the language of the statute creates a mandatory, non-discretionary award of fees to the party that prevailed on this claim—in this case, Adria.[8] To that point, Worldwide Entertainment seems to agree with that interpretation given that it does not refute Adria Productions's argument, but instead asks the Court to refrain from ruling on this request until it rules on Worldwide Entertainment's pending motion for renewed judgment as a matter of law, which asks for a new trial on that claim. **Because the Court, in a separate order, is denying Worldwide Entertainment's motion, Adria Productions is entitled to fees pursuant to Florida's Computer Abuse and Data Recovery Act.**

### b. Taxable and Non-Taxable Costs

Both Adria Productions and Worldwide Entertainment are seeking an award of taxable and nontaxable costs. Adria Productions seeks an award of $36,274.19 in taxable costs under 28 U.S.C. § 1920 pursuant to Federal Rule of Civil Procedure 54(d)(1), which states: "[u]nless a federal statue, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be awarded to the prevailing party." Fed. R. Civ. P. 54(d)(1); *Ottaviano v. Nautilus Ins. Co.*, 717 F. Supp. 2d 1259, 1275 (M.D. Fla. 2010) ("Pursuant to Rule 54(d), F.R. Civ. P., a prevailing party is entitled to reimbursement of costs enumerated in 28 U.S.C. 1920.") (internal citations omitted). According to the Eleventh Circuit, for purposes of Rule 54(d), the prevailing

---

[8] Adria Productions also argues that because this claim was based on the same facts required to make a claim under the Violation of the Stored Wire and Electronic Communications and Transactional Records Access ("Stored Communications Act") claim, the Court should consider the reasonable time spent defending both claims in determining any fee award under this statute. However, the Stored Communications Act only awards fees to a party aggrieved by a knowing or intentional violation of the statute. Therefore, Adria Productions, being the non-aggrieved party, is not entitled to attorneys' fees under this statute. 18 U.S.C. § 2707. As such, although the Court is required by law to award fees under Florida's Computer Abuse and Data Recovery Act, it declines to extend that award to include fees related to the Stored Communications Act.

9

party is "[u]sually the litigant in whose favor judgment is rendered." *Compania Naviera Horamar v. Landstar System, Inc.*, Case No. 04-20856-CIV-JORDAN, 2006 WL 8434788, at *1 (S.D. Fla. Jan. 17, 2018) (internal citations omitted). Rule 54(d) "creates a presumption in favor of awarding costs to the prevailing party. . ." *James v. Wash Depot Holdings, Inc.*, 242 F.R.D. 645, 648 (S.D. Fla. 2007) (citing *Manor Healthcare Corp. v. Lomelo*, 929 F.2d 633, 639 (11th Cir. 1991)). However, trial courts "nonetheless enjoy discretion in the determination of costs to be taxed, particularly in cases of multiple claims or mixed judgments." *Compania Naviera Horamar v. Landstar System, Inc.*, Case No. 04-20856-CIV-JORDAN, 2006 WL 8434788, at *2 (S.D. Fla. Jan. 17, 2018) (internal citations omitted); *Dear*, 2017 WL 5665359, *8 ("And in cases resulting in split outcomes, federal courts have exercised that discretion to deny costs to either party.").

Worldwide Entertainment also seeks an award of $16,377.12 in taxable costs under 28 U.S.C. § 1920 or, alternatively, the contract provision, which entitles the prevailing party to "an award of attorneys' fees *and costs*. . ." (D.E. 8-1, at 21) (emphasis added). Separately, both parties also rely on the broad language of the promotional agreement to argue that they should be awarded non-taxable costs (*i.e.*, legal research, electronic document review, storage, travel, lodging, etc.). Adria Productions seeks an award of $66,198.35, and Worldwide Entertainment seeks an award of $12,816.67 in non-taxable costs. Ultimately, both Rule 54(d) and the contract provision require the court to determine the "prevailing party" for purposes of awarding both taxable and non-taxable costs. The standard, as well as the exceptions, for determining the prevailing party is effectively the same for awarding costs as it is for attorneys' fees. Accordingly, for the same reasons explained above, the Court finds that neither party is entitled to "prevailing party" status, and each shall be responsible for its own costs.

## III. Conclusion

The Court generally has discretion to declare that neither party is the "prevailing party" and to deny an award of attorneys' fees and costs in cases with mixed judgments. Here, the circumstances allow for the Court to exercise that discretion. Accordingly, neither party is entitled to "prevailing party" status and each shall be responsible for its own attorneys' fees and costs, apart from the non-discretionary fees awarded under Florida's Computer Abuse and Data Recovery Act.

For the reasons set forth above, it is therefore adjudged as follows:

- Adria Productions's Motion for Determination that it is Entitled to Seek an Award of Attorney's Fees and Costs Under Local Rule 7.3 is **DENIED**.

- Adria Productions's Motion for Bill of Costs is **DENIED**.

- Worldwide Entertainment's Motion for Bill of Costs is **DENIED**.

- Worldwide Entertainment's Motion for Attorneys' Fees and Costs is **DENIED**.

- Adria Productions's Motion for Attorneys' Fees and Costs is **GRANTED in part, DENIED in part**. Adria Productions shall receive $10,000 in attorneys' fees under Florida's Computer Abuse and Data Recovery Act.

DONE AND ORDERED in Chambers at Miami, Florida, this 28th of February 2019.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record

11